FILED
OR COURT

2012 MAY 18 PM 3: 41

LERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

HARBOR CENTRE GUAM CO, LTD., and  )
HARBOUR CENTRE PORT TERMINAL,     )
INC.,                             )
                                  )
                    Petitioner,   )
                                  )
        v.                        )
                                  )
CLAUDIA ACFALLE, in her official capacity )
as CHIEF PROCUREMENT OFFICER,     )
GENERAL SERVICES AGENCY, JOSE D.  )
LEON GUERRERO COMMERCIAL PORT,    )
and DORIS FLORES BROOKS, in her   )
capacity as PUBLIC AUDITOR, OFFICE OF )
THE PUBLIC AUDITOR,               )
                                  )
                    Respondents.  )
                                  )
                                  )
_____  )

SPECIAL PROCEEDINGS CASE NO.
SP0209-10

**DECISION AND ORDER**

## INTRODUCTION

This Decision and Order is issued following both the Respondent's submission of a motion for reconsideration of a contempt sanction issued against the Respondent Public Auditor, and the submission of a motion to withdraw submitted by counsel for the Petitioner in this case. The motion for reconsideration was originally filed on September 26, 2011, but was unaccompanied by an Agreement of Hearing Date Form as required by CVR Rule 7.1(b) and (e). Accordingly, this "motion" was improperly filed. The Motion to Withdraw as Counsel was likewise unaccompanied by an Agreement of Hearing Date Form as required by CVR Rule

7.1(b) and (e). Therefore, it too, was improperly filed. Based upon these improper filings, the motions did not receive hearing dates for oral argument pursuant to CVR 7.1(e)(2).

To show compliance with the Local Rules of the Superior Court of Guam, the Respondent and the Petitioners' attorney(s) are subject to CVR 7.1(b) of the Local Rules of the Superior Court of Guam, which states in relevant portion: "Every motion shall be presented in writing. The moving party must present a motion, which will contain the date on which the motion will be heard, as provided for in CVR Rule 7.1(e)(2)." CVR Rule 7.1(b)(2012).

Pursuant to CVR 7.1(e)(2):

> Counsel for the parties must file an "Agreement of Hearing Date," in a form shown below in Attachment "CVR7.1A." It shall be the responsibility of the moving party or his attorney to contact the attorney for each party who has entered an appearance . . . and propose a date for oral argument. Once the parties have agreed on a date for oral argument, the moving party shall clear the date with the chambers clerk. When the date has been cleared with the clerk, that date shall be inserted in the "Agreement of Hearing Date." If the parties do not agree on a date for oral argument or if a party has not entered an appearance, the moving party may submit the "Agreement of Hearing Date" to the Court with a notation that the non-moving party does not agree or is not available, in which event the Court shall either determine the hearing date or determine that no oral argument shall be scheduled and the motion shall proceed to briefing and disposition under CVR 7.1(e)(4), in the Court's discretion.

Local Rules of the Superior Court of Guam, CVR Rule 7.1(e)(2)(2012).

Under the Local Rules currently in effect, a party may not file a motion until the party has contacted all parties involved in the case, agreed upon a hearing date for that particular motion, cleared the hearing date with the chamber clerk, and then, inserted the date into an "Agreement of Hearing Date" to be filed with the motion.

In this case, both moving parties failed to submit an Agreement of Hearing Date form, and it appears that neither opposing counsel was informed of the filing of either motion.

Under the Local Rules of the Superior Court of Guam, it is no longer the Court's duty to propose the date of oral argument for any motion. CVR Rule 7.1(e)(2) clearly and unambiguously places the "responsibility" of determining a motion hearing date on "the moving party or his attorney," however, the Court must still approve the date. CVR Rule 7.1(e)(2)(2012). The moving party must propose and agree upon a date for hearing with the opposing party, contact the chamber clerk with the date, receive approval of the date by the chamber clerk, and submit that date with any motion filed, at which point, the motion will be scheduled for that date. In submitting these motions, the movants did not clear any hearing date for this motion with opposing counsel or the Court's Chamber Clerk, nor did they include any proposed hearing dates at all. Although the Court granted permission to the Respondent to file a motion for "reconsideration" of the contempt sanction, the Court did not grant permission to deviate from the Court's motion rules.

Upon the submission of such a non-conforming motion, the Court has the option to determine that no oral argument hearing is necessary, and may decide not to schedule hearing for oral argument under CVR Rule 7.1(e)(3) and (4). If the parties desire a hearing to present oral argument, they must include a date certain for the hearing with the motion, which date has been approved by opposing counsel and the Court's chamber clerk; otherwise, the Court is under no obligation to hold a hearing on the motion. CVR Rule 7.1(b), (e)(2), (e)(3), and (e)(4)(2012).

The Local Rules have been in effect for nearly five years, since their adoption on June 1, 2007. CVR Rules 7.1(b) and (e)(2) were part of those original rules, and have remained unchanged since their adoption. There is no longer any reason for any party to any action to fail to submit to the Court an Agreement of Hearing Date form which fully complies with the local rules as part of any motion filed.

The motions filed by the parties do not comply with the mandates of CVR 7.1. Under CVR 7.1(k), "[t]he Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule," and "the failure to comply fully with this Rule subjects the offender at the discretion of the Court to the sanctions of General Rule 2.1." CVR 7.1(k)(2012). Sanctions under General Rule 2.1 include "attorneys' fees," and "monetary sanctions." GR 2.1 (2012). The Court is not required to consider or hold hearings on any motions that do not fully comply with CVR 7.1, and may, in fact, sanction an attorney for the failure to comply with the rule.

Although the Court could refuse to consider the motions, and could sanction both parties for their failure to comply with the rules, the Court will instead determine the motions in an exercise of its discretion. However, as both parties have filed a motion and a "Notice of Motion" form which does not comply with the rules, the Court will determine these motions without oral argument as set forth in GRCP Rule 78, CVR Rule 7.1(b), (e)(1), (e)(2), (e)(3), and (e)(4)(2012). Under these rules, oral argument is not mandated in all cases. CVR Rule 7.1(e)(1) states: "[o]ral argument may be denied in the discretion of the judge, except where oral argument is required by statute or the Guam Rules of Civil Procedure." GRCP Rule 78 states in relevant part: "[t]o expedite the business of the court, . . .a judge may by order, make for provisions for the submission *and determination* of motions without oral hearing upon brief written statements of reasons in support and opposition." GRCP Rule 78 (2012) (emphasis added).

Oral argument is not required for either of the motions filed. Further, it appears that no opposition is necessary. Accordingly, the Court will issue its Decision and Order on the matters without hearing oral argument and without the filing of an opposition or a reply to either motion.

## DISCUSSION

### 1) Motion for Reconsideration of Contempt

The Respondent cites to GRCP Rule 60(b) in filing this motion. That rule provides the applicable standard for the current Motion to Reconsider Order of Contempt. Respondent argues that she is entitled to relief from the order of the Court under this rule on the basis that the Court has made an obvious legal error or oversight under Rule 60(b)(1).

GRCP 60(b) provides in relevant part:

> Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect; . . . .The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was taken.

GRCP Rule 60(b)(1)(2012).

Rule 60(b)(1) grants a court the discretion to relieve a party from any order, judgment, or proceeding for reason of mistake, inadvertence, surprise, or excusable neglect, provided that the party moves for relief within a reasonable time and not more than one year after the order was entered. Brown v. Eastman Kodak Co., 2000 Guam 30 ¶ 32 (citing Pioneer Investment Serv., Inc. v. Brunswick Assoc., 507 U.S. 380, 394 (1993)). In this case, Respondent's motion was filed within ten days of the order issued by the Court on September 16, 2011. The Court finds that the motion is therefore timely.

The Respondent asserts that relief from the order is warranted because there was an error of the Court in issuing sanctions, and in issuing sanctions in the amount of $100.00. The Respondent asserts that the order: 1) was not warranted; and 2) if warranted, could have only

been issued in the maximum amount of $25.00, by law. The Court addresses whether there was any error as contemplated under Rule 60(b)(1).

There is a schism in the courts concerning whether a court may grant relief under Rule 60(b)(1). Some jurisdictions have taken a firm stance against the utilization of Rule 60(b) to address errors fact or law made by the court, typically holding that the finality of judgments must take precedence, and a party seeking to overturn a ruling on a matter of law must appeal the decision. "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. The fact that a judgment is erroneous does not constitute a ground for relief under the rule." Silk v. Sandoval, 435 F.2d 1266, 1267–68 (1st Cir. 1971); *accord*, Tribble v. Bruin, 279 F.2d 424, 427 (4th Cir.1960); Swam v. United States, 327 F.2d 431, 433 (7th Cir. 1964) *cert. denied*, 379 U.S. 852 (1964); and Hartman v. Lauchli, 304 F.2d 431, 432 (8th Cir. 1962).

Other jurisdictions have found that the interests of judicial economy are better served by allowing a court to correct its own errors, rather than forcing an appeal on issues which were inadvertently overlooked by the trial court. "Overburdened courts, trial and appellate, should not have to squander precious time and resources in such artificial maneuvers where the Judge on his own and in time faces up to the error and corrects it by effective action." McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962); *accord*, Tarkington v. United States Lines Co., 222 F.2d 358, 360 (2nd Cir. 1955); Gila River Ranch, Inc. v. U.S., 368 F.2d 354, 358 (9th Cir. 1966).

However, in jurisdictions allowing relief under Rule 60(b) for judicial errors, the conclusions or interpretations of the court after considering applicable law and arguments do not constitute "mistake" or "error" justifying relief within the purview of Rule 60(b)(1). *See, e.g.*, United States. v. 31.63 Acres of Land, 840 F.2d 760, 761–62 & n.4 (10th Cir. 1988)(argument that ruling was based on a misapplication of the law does not provide a basis for relief under

Rule 60(b)); and Alvestad v. Monsanto Co., 671 F.2d 908, 913 (5th Cir. 1982)(argument that district court misinterpreted the law does not come within the ambit of Rule 60(b)). Thus, where a court has carefully considered all arguments and applicable authority, and merely reaches a flawed conclusion, relief may not be granted on the basis of judicial mistake or error under Rule 60(b)(1).

Instead, relief under Rule 60(b)(1) in these jurisdictions is limited to situations in which the error alleged is simple mistake or inadvertence regarding the law. The rule has "generally been construed to govern errors of law properly characterized as judicial 'oversight' such as 'overlooking controlling statutes or case law.'" In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). These courts have found that the purpose of Rule 60(b)(1) "is to permit the trial court to reconsider and correct 'obvious errors of law' without forcing the parties to engage in the machinery of appeal." United States v. 329.73 Acres of Land, 695 F.2d 922, 925 (5th Cir. 1983) (quoting Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977)). Such obvious errors of law include mathematical errors, and instances where a court's determination is clearly at odds with the plain wording of a statute, such as the failure to apply a limiting provision, or an award in excess of the statutory maximum. See Meadows v. Cohen, 409 F.2d 750, 753 (5th Cir. 1969); and Caraway v. Sain, 23 F.R.D. 657, 659–660 (N.D.Fla., 1959).

The Supreme Court of Guam has not yet adopted a position concerning whether a trial court may correct its own oversight or inadvertence under Rule 60(b)(1) in a civil case. However, under the corresponding criminal "reconsideration" doctrine of the law of the case, the Supreme Court has acknowledged and affirmed the lower court's decision to change its own previous ruling based on "new evidence" and error creating a manifest injustice. People v. Gutierrez, 2005 Guam 19 ¶ 42. In a case setting aside a default judgment, the Court noted that "Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied." Midsea

Industrial, Inc., v. HK Engineering, Ltd., 1998 Guam 14 ¶ 3 (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

Concluding that the Court may address certain types of inadvertent legal errors under Rule 60(b)(1), the Court must determine whether there was an error of the Court which may be remedied under Rule 60(b)(1). In its order of September 16, 2011, the Court issued sanctions based upon conduct which occurred in the presence of the Court, and thereupon issued a sanction against the Public Auditor for non-appearance in the amount of $100.00.

It is the Respondent' position that: 1) the Public Auditor was never ordered to appear in person, and therefore, should not have been sanctioned for non-appearance; and 2) the summary issuance of an immediate sanction in the amount of $100.00 is not permitted under Guam law. The Court agrees.

7 GCA § 34101 defines the acts that constitute "Contempt of Court," stating in relevant parts: "(a) The following acts or omissions are contempt of court: . . . 5. Disobedience of any lawful judgment, order, or process of the court; . . . 9. Any other unlawful interference with the process or proceedings of a court; . . . ." 7 GCA § 34101(a)(2012). This statute also defines the punishment which may be meted for a violation of the statute:

> (b) Any person found guilty of a contempt of court pursuant to § 34102(a) is punishable by a fine not exceeding $25 or by imprisonment not exceeding five days or by both. Any person found guilty of a contempt of court pursuant to § 34102(b) is subject to the same penalties as a person found guilty of a petty misdemeanor.

7 GCA § 34101(b)(2012).

7 GCA § 34102 governs the manner in which contempt of court may be prosecuted by the Court, stating:

Contempt; summary disposition; disposition upon notice and hearing. (a) A contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record. (b) Except as provided in subsection (a), a contempt shall be prosecuted on notice. The notice shall state the time and place of hearing; allowing reasonable time for the preparation of the defense, and shall state the essential facts constituting the contempt charged and describe it as such.

7 GCA § 34102(a) and (b)(2012).

The Court chose to summarily issue sanctions to the Respondent under 7 GCA § 34102(a). After review of the Court's record, the Court never ordered the Public Auditor to appear in person. Further, the Court did not issue its findings in writing, and the summarily issued fine was in excess of the statutory maximum set by 7 GCA § 34101(b) for summarily issued sanctions. Accordingly, this issue is properly addressed under GRCP Rule 60(b)(1). The Court will grant relief under Rule 60(b)(1) and will RESCIND the order of sanctions issued on September 16, 2011.

2) Motion to Withdraw as Counsel

When an attorney is faced with a non-responsive client who has failed to abide by the terms of the representation, Rule 1.16 of the Guam Rules of Professional Conduct directs an attorney as to the attorney's duties:

Rule 1.16: Declining or Terminating Representation. (b) Except as stated in paragraph (e), a lawyer may withdraw from representing a client if: (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Guam Rules of Professional Conduct, Rule 1.16 (b), (c), and (d) (2012).

The Guam Rules of Professional Conduct were adopted directly from the 2002 ABA Model Rules of Professional Conduct on September 29, 2003, pursuant to Promulgation Order No. 04-002. Therefore, the commentary, legislative history, and cases interpreting the ABA Model Rules of Professional Conduct constitute persuasive authority in Guam. *See e.g.*, People v. Diaz, 2007 Guam 3, ¶ 14, n.4 (where a Guam rule is substantially similar to and derived from a federal rule, federal cases interpreting that rule are persuasive authority); and Gibbs v. Holmes, 2001 Guam 11, ¶ 15 (where the Guam statute is similar to a state or federal statute, the state or federal cases interpreting that statute are persuasive authority in Guam). The ABA comments to the rule provide guidance as to how the attorney should proceed in a situation in which it appears that there is a concurrent continuing conflict of interest. Comment Eight to Section 1.16 states: "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." ABA Model Rules of Professional Conduct, Rule 1.16, Comment 8 (2002).

However, Comment 7 places a limitation on a permissive withdrawal: "[t]he lawyer has the option to withdraw if it can be accomplished without material adverse effect on the client's interests. ABA Model Rules of Professional Conduct, Rule 1.16, Comment 7 (2002).

The point of these comments is clear. When an attorney encounters a client who refuses to act in accordance with an agreement regarding the representation, the attorney may withdraw,

however, it is the attorney's ethical obligation to withdraw in a manner which will not harm the client's interests. In this case, the attorney has declared under penalty of perjury to the Court that he has determined that his client is not acting in accordance with his agreement, and the attorney has determined that withdrawal is necessary. At this point in the representation, no outstanding motions are pending, nor are any deadlines impending. The only matter left in this case is the determination of the merits of the writ petition, which has not yet been re-scheduled. Accordingly, there is no prejudice to the Petitioner if withdrawal is allowed, and the Court GRANTS withdrawal of the Petitioner's attorneys.

## CONCLUSION

Based upon the law, the Court GRANTS RELIEF from the Order of the Court issuing sanctions against the Public Auditor in the amount of $100.00, under GRCP Rule 60(b)(1).

Further, the Motion to Withdraw is GRANTED. The hearing on the writ shall be held on AUG 0 8 2012 at 10:30am The former attorneys for the Petitioner shall use due diligence to inform the Petitioner of this hearing. If the Petitioner fails to appear at this hearing, this case shall be dismissed.

**IT IS SO ORDERED** this MAY 1 8 2012 .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAY 1 8 2012

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam